**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1316

| | |
|---|---|
| KEIRAND R. MOORE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-cv-1058 |
| | |
| STATE FARM MUTUAL | Thomas P. Schanzle-Haskins, |
| AUTOMOBILE INSURANCE | *Magistrate Judge.* |
| COMPANY, | |
| *Defendant-Appellee.* | |

**O R D E R**

Keirand Moore appeals the entry of summary judgment in favor of his former employer, State Farm Mutual Automobile Insurance Company. In the district court, he principally argued that State Farm denied him a promotion, subjected him to a hostile work environment, and fired him because of his race and because he complained about racial discrimination. *See* 42 U.S.C. §§ 2000e-2, 2000e-3.

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

In a thorough opinion by a magistrate judge who presided by consent of the parties, 28 U.S.C. § 636, the district court explained why no rational factfinder could find State Farm liable. First, State Farm did not have an open position when Moore sought a promotion. Second, any harassment that he suffered had no connection to a statutorily protected class. Finally, no evidence (other than timing, which was by itself insufficient) connected his firing to his previous charges of discrimination.

On appeal, Moore has submitted an opening brief that does not comply with the Federal Rules of Appellate Procedure. In addition to (and despite) being severely oversized, it fails to advance a single legal reason to question the district court's analysis. *See* FED. R. APP. P. 28(a)(8)(A). It provides no citations to legal authorities or parts of the evidentiary record beyond a single reference to Moore's deposition in which he touted his qualifications. In its extended narrative of Moore's employment history, the brief quibbles with the district court's presentation of the facts, but it does not analyze the legal significance or materiality of any purported errors. Furthermore, to support this protracted narrative, Moore points only to websites describing the technical aspects of his job as well as an appendix of largely irrelevant documents. For all we can tell from Moore's disdain for record citations, however, he presented none of this to the district court.

In response to Moore's radically deficient brief, State Farm asks that we summarily affirm the judgment. But our ordinary procedure is to dismiss an appeal for failure to supply a minimally adequate brief, *see Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), and we will do so here. Though we construe all pro se filings liberally, even uncounseled litigants like Moore must present an "articulable basis for disturbing the district court's judgment." *Id.* at 545. "[W]e cannot fill the void by crafting arguments and performing the necessary legal research." *Id*. Because Moore has failed to articulate a legal argument for reversal and we see no obvious errors, this appeal is

DISMISSED.